UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
CAN TECHNOLOGIES, INC.,            :
                                    :
                    *Plaintiff*,    :
                                    :
            -against-               :   COMPLAINT
                                    :
OPTIMA BESIN MADDELERI              :
SAN. VE TIC. A.S.,                  :
                                    :   JURY TRIAL DEMANDED
                    *Defendant*.    :
                                    :
------------------------------------x

'07 CIV 9541

RECEIVED OCT 25 2007 U.S.D.C. S.D.N.Y. CASHIERS

JUDGE BAER

   Plaintiff, CAN Technologies, Inc., for its Complaint against Defendant, Optima Besin Maddeleri San. Ve Tic. A.S. alleges upon information and belief, except for allegations pertaining to those that are made on personal knowledge:

### The Parties

   1.   CAN Technologies, Inc. ("CAN Tech") is a Delaware Corporation with a principal place of business at 12900 Whitewater Drive, Minnetonka, Minnesota 55343.

   2.   Defendant Optima Besin Maddeleri San. Ve Tic. A.S. ("Defendant"), previously known as Agribrands Purina Besin Maddeleri Sanayi ve Ticaret Anonim Sirketi, is a Turkish corporation with a principal place of business at Noramin Is Merkezi No. 55 / 104, Maslak Istanbul 80670, Turkey.

### Jurisdiction and Venue

   3.   This Court has diversity jurisdiction under 28 U.S.C. § 1332 because all of the parties reside in jurisdictions diverse to one another, in that the Defendant is a citizen of a foreign state.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. The Court has personal jurisdiction over Defendant by virtue of Defendant's consent to jurisdiction in this District.

6. Venue is proper in this district under 28 U.S.C. § 1391.

## Facts

7. On April 1, 1998, Agribrands International, Inc. and Ralston Purina Company entered into a trademark license agreement whereby Agribrands International, Inc. received the right to use and register the PURINA mark in connection with products formulated to provide nourishment to or care of horses, agricultural animals, and laboratory or zoo animals (hereinafter the "Trademark License Agreement").

8. CAN Tech is the licensee of the PURINA mark and numerous derivatives of that mark based on the Trademark License Agreement.

9. On April 30, 2003, CAN Tech, through a predecessor in interest, entered into a trademark sublicense agreement with Defendant's predecessor in interest, Agribrands Purina Besin Maddeleri Sanayi ve Ticaret Anonim Sirketi, regarding use of the PURINA mark (hereinafter the "Trademark Sublicense Agreement").

10. Section 2(b) of the Trademark Sublicense Agreement provides that Defendant may only use the PURINA mark as set forth in the agreement. The Trademark Sublicense Agreement does not allow Defendant to create derivative marks.

11. The Trademark Sublicense Agreement, through Section 2(e) of the Trademark License Agreement, also provides that "[i]n order to avoid conflicts with third parties, LICENSEE shall not have the right to coin new marks which are, in whole or in part, derived from, incorporate, or are similar to any of the Licensed Marks or names or elements of those

marks or names without LICENSOR'S prior written consent. . . ." Defendant is bound by the language of Section 2(e) of the Trademark License Agreement, and has no right to create derivative marks without permission.

12. CAN Tech has not granted Defendant any right to create derivative marks.

13. Defendant has created and registered without permission various derivative marks of the PURINA trademark. The derivative marks are based on the prefix "PURI" or the suffix "INA." Examples included PURICELL, GROVINA, OVINA, FATTINA, RUMINA, LABINA-F and LABINA-G.

14. On February 16, 2007, CAN Tech, in accordance with Section 8(c) of the Trademark Sublicense Agreement, gave Defendant written notice that it was in breach of the Trademark Sublicense Agreement based on the creation and registration of derivative marks without prior permission. CAN Tech gave Defendant ten (10) calendar days from the receipt of that letter to cure the breach as set forth in the Trademark Sublicense Agreement.

15. Defendant failed to cure the breach. Defendant has not assigned to CAN Tech the rights to the derivative PURINA marks and continues to assert ownership of those marks.

16. Defendant's continued assertion of ownership over the derivative PURINA marks is in breach of the Trademark Sublicense Agreement.

17. The breach and continuing breach of the Trademark Sublicense Agreement has caused and will continue to cause irreparable harm to CAN Tech as Defendant acknowledged in Section 13(d) of the Trademark Sublicense Agreement.

## COUNT I
### Breach of Contract by Defendant

18. Paragraphs 1-17 are incorporated by reference and made a part of this Count.

19. Defendant has materially breached the Trademark Sublicense Agreement and the Trademark License Agreement.

20. Defendant's breach and continuing breach has caused and will continue to cause CAN Tech irreparable harm.

21. Defendant is liable to CAN Tech for the damages CAN Tech has suffered, in an amount to be demonstrated at trial.

WHEREFORE, the Plaintiff, CAN Technologies, Inc., prays that the Court enter an order:

A. Ordering Defendant to specifically comply with the Trademark Sublicense Agreement and assign to CAN Tech all rights to any derivative trademark containing a prefix "PURI," suffix "INA," or any other derivative mark to the mark PURINA;

B. Adjudging Defendant to be liable to CAN Tech in an amount to be proven at trial, with interest and costs;

C. Permanently enjoining Defendant from using the trademark PURINA or any derivative of that mark;

D. Requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon CAN Tech's counsel a written report under oath setting forth details that all marks containing a prefix "PURI," suffix "INA," or any other derivative mark to the mark PURINA have been assigned to CAN Tech;

    E.    Awarding CAN Tech such other relief as the Court may deem just and proper.

Dated: October 25, 2007

                                                      _____
                                                      Thomas E. Engel
                                                      James G. McCarney
                                                      Grace L. Chan
                                                      HOWREY LLP
                                                      153 East 53rd Street, 54th Floor
                                                      New York, NY 10022
                                                      (212) 896-6500
                                                      (212) 896-6501 (Fax)

                                                      *Attorneys for Plaintiff*

*Of Counsel*:

Allen Hinderaker
William Schultz
MERCHANT & GOULD, P.C.
3200 IDS Center
80 S. 8th Street
Minneapolis, MN 55402-2215
(612) 332-5300
(612) 332-9081 (Fax)

5